UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JENNIFER RUTLEDGE,<br>　　　Plaintiff,<br><br>vs.<br><br>LTD FINANCIAL SERVICES, LP; and<br>DOES 1 through 10, inclusive,<br>　　　Defendant. | Civil Action No. 5:13-cv-99<br><br><br>COMPLAINT AND JURY TRIAL<br>DEMANDED |

## COMPLAINT

### I.　INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Jennifer Rutledge (hereinafter "Plaintiff"), an individual consumer, against defendant LTD Financial Services, LP (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') and the North Carolina Fair Debt Collection Practices Act (hereinafter "NCFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.　JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367, § 1337 and § 1331. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III.　PARTIES

3. Plaintiff, Jennifer Rutledge is a consumer, a natural person allegedly obligated to pay any debt, residing in Wake County, in the state of North Carolina.

4. Defendant, LTD Financial Services, LP is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located in the state of Texas. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to August 15, 2012.

9. Defendant, during communications with Plaintiff, within one year prior to the filing of this complaint, overshadowed Plaintiff's rights to dispute and/or seek validation of the alleged debt, by demanding immediate payment from Plaintiff within thirty (30) days of

its initial communication with Plaintiff without mentioning that Plaintiff could still seek validation of the alleged debt and/or dispute it.

10. Upon information and belief, Defendant, within one year prior to the filing of this complaint, lied to Plaintiff, threatening to call Citibank and find out all of her assets, which would not occur if it did this, and also made misleading statements to Plaintiff that gave her the impression that it would sue her, when it cannot do so.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

12. Defendant's illegal abusive collection communications as more fully described above, but not limited to those, were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V. FIRST CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Jennifer Rutledge for actual damages, statutory damages, and costs and attorney fees.

## VI.    SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the North Carolina Fair Debt Collection Practices Act, N.C. Gen.Stat. § 58-70, et seq.

18. The Plaintiff is a 'person' as the term is defined by N.C. Gen. Stat. § 58-70-6(4).

19. The Defendant is a 'collection agency' as the term is defined by N.C. Gen. Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen. Stat. § 58-70-1.

20. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§58-70-110* of the NCFDCPA by using fraudulent, deceptive or misleading representations to collect or attempt to collect a debt or obtain information concerning a consumer.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the NCFDCPA, Defendant is liable to the plaintiff Jennifer Rutledge for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Jennifer Rutledge respectfully requests that judgment be entered against defendant LTD Financial Services, LP for the following:

> A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff; and
>
> B. Actual damages from Defendant pursuant to N.C. Gen.Stat. § 58-70-130(a) for the emotional distress suffered as a result of the intentional and/or negligent NCFDCPA violations, in an amount to be determined at trial and for Plaintiff; and
>
> C. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(a); and
>
> D. Statutory damages of $4000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b); and
>
> E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.
>
> F. For such other and further relief as the Court may deem just and proper.

DATED: February 12, 2013

RESPECTFULLY SUBMITTED,

By: /s/Christopher D. Lane
Christopher D. Lane
(N.C. Bar # 20302)
**The Law Office of Christopher D. Lane**
3802 Clemmons Road, Suite A
Clemmons, NC 27012
Telephone: (336) 766-0229
Facsimile:  (336) 766-9145
Email: cdllaw@juno.com

*Attorney for Plaintiff,
Jennifer Rutledge*

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Jennifer Rutledge demands trial by jury in this action.